UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| SAIM SARWAR, Individually, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. |
| | : | |
| BIPIN-SETH INC., A New Jersey Corporation, | : | |
| | : | |
| Defendant. | : | |
| _____/ | : | |
| | : | |
| | : | |
| | : | |

**COMPLAINT**
(Injunctive Relief Demanded)

Plaintiff, SAIM SARWAR, Individually, on his behalf and on behalf of all other individuals similarly situated, (sometimes referred to as "Plaintiff"), hereby sues the Defendant, BIPIN-SETH INC., A New Jersey Corporation, (sometimes referred to as "Defendant"), for Injunctive Relief, and attorney's fees, litigation expenses, and costs pursuant to the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. ("ADA").

1.      Plaintiff  is a resident of Brooklyn, New York, is sui juris, and qualifies as an individual with disabilities as defined by the ADA.  Plaintiff is unable to engage in the major life activity of walking more than a few steps without assistive devices. Plaintiff ambulates in a wheelchair or with a cane or other support and has limited use of his hands. He is unable to tightly grasp, pinch and twist of the wrist to operate. When ambulating beyond the comfort of his own home, Plaintiff often uses a wheelchair or other assistive device. Plaintiff requires accessible handicap parking spaces located closet to the entrances of a facility. The handicap and access aisles

must be of sufficient width so that he can embark and disembark from a ramp into a vehicle. Routes connecting the handicap spaces and all features, goods and services of a facility must be level, properly sloped, sufficiently wide and without cracks, holes or other hazards that can pose a danger of tipping, catching wheels or falling. These areas must be free of obstructions or unsecured carpeting that make passage either more difficult or impossible. Amenities must be sufficiently lowered so that Plaintiff can reach them. He has difficulty operating door knobs, sink faucets, or other operating mechanisms that tight grasping, twisting of the wrist or pinching. He is hesitant to use sinks that have unwrapped pipes, as such pose a danger of scraping or burning his legs. Sinks must be at the proper height so that he can put his legs underneath to wash his hands. He requires grab bars both behind and beside a commode so that he can safely transfer and he has difficulty reaching the flush control if it is on the wrong side. He has difficulty getting through doorways if they lack the proper clearance. He requires roll-in showers with compliant grab bars to bathe. All amenities must be within easy reach.

2.      Plaintiff is an advocate of the rights of similarly situated disabled persons and is a "tester" for the purpose of asserting his civil rights and monitoring, ensuring, and determining whether places of public accommodation and their websites are in compliance with the ADA.

3.      According to the county property records, Defendant owns a place of public accommodation as defined by the ADA and the regulations implementing the ADA, 28 CFR 36.201(a) and 36.104. The place of public accommodation that the

Defendant owns is a place of lodging known as OYO Hotel Edison NJ Route 1 NJ located in Middlesex County at 610 US-1, Edison, NJ 08817 (hereinafter "Property").

4.       Venue is properly located in this District  because the subject property is located in this district.

5.       Pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1343, this Court has been given original jurisdiction over actions which arise from the Defendant's violations of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq.  See also 28 U.S.C. § 2201 and § 2202.

6.       As the owner of the subject place of lodging, Defendant is required to comply  with the ADA.  As such, Defendant is required to ensure that it's place of lodging is in compliance with the standards applicable to places of public accommodation, as set forth in the regulations promulgated by the Department Of Justice. Said regulations are set forth in the Code Of Federal Regulations, the Americans With Disabilities Act Architectural Guidelines ("ADAAGs"), and the 2010 ADA Standards, incorporated by reference into the ADA.  These regulations impose requirements pertaining to places of public accommodation, including places of lodging, to ensure that they are accessible to disabled individuals.

7.       42 U.S.C. Section 12182(a) provides: "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation."

8.        More specifically, 28 C.F.R. Section 36.302(e)(1) (the "Regulation"), promulgated

by the Department of Justice pursuant to 42 U.S.C. Section 12182(b)(2)(A)(ii),

imposes the following requirement:

**Reservations made by places of lodging**. A public accommodation that owns, leases (or leases to), or operates a place of lodging shall, with respect to reservations made by any means, including by telephone, in-person, or through a third party -

    (i) Modify its policies, practices, or procedures to ensure that individuals with disabilities can make reservations for accessible guest rooms during the same hours and in the same manner as individuals who do not need accessible rooms;

    (ii) Identify and describe accessible features in the hotels and guest rooms offered through its reservations service in enough detail to reasonably permit individuals with disabilities to assess independently whether a given hotel or guest room meets his or her accessibility needs;

    (iii) Ensure that accessible guest rooms are held for use by individuals with disabilities until all other guest rooms of that type have been rented and the accessible room requested is the only remaining room of that type;

    (iv) Reserve, upon request, accessible guest rooms or specific types of guest rooms and ensure that the guest rooms requested are blocked and removed from all reservations systems; and

    (v) Guarantee that the specific accessible guest room reserved through its reservations service is held for the reserving customer, regardless of whether a specific room is held in response to reservations made by others.

9.        These regulations became effective March 15, 2012.

10.      Defendant, either itself or by and through a third party, accepts reservations for its

hotel online through one or more websites. (Hereinafter "ORS" or "websites".)

The purpose of these websites is so that Defendant can market nationally and

reach out and provide services to distant residents and so that members of the

public may reserve guest accommodations and review information pertaining to

the goods, services, features, facilities, benefits, advantages, and accommodations

of the Property.   Defendant also utilizes the ORS to purposefully avail itself of

other states and transact business in those states, including the State in which

Plaintiff is located. As such, these websites are subject to the requirements of 28

C.F.R. Section 36.302(e).

11.    **This case is refiled from civil action number 2:20-cv-12744-JMV-JBC.** Prior

to the commencement of that lawsuit, Plaintiff had plans to travel throughout the

states of New York, Vermont, Eastern Pennsylvania, Maine, Massachusetts,

Rhode Island, Connecticut, New Jersey, Maryland and the District Of Columbia.

That included the area of Defendant's hotel. He intended to visit points of interest

in all these areas and needed to stay in hotels during his journey. He had initially

planned to make this trip once the Covid Crisis had abated sufficiently so that it

would be safer to travel. At the end of August-early September, 2021, Plaintiff

executed on his plans and traveled to all the areas referenced above, with

particular regard to traveling to all areas in which a hotel was located that he had

previously sued. That included the area of Defendant's hotel.

12.    On multiple occasions, Plaintiff visited the Defendant's ORS for the purpose of

reviewing and assessing the accessible features at the Property and ascertain

whether they meet the requirements of 28 C.F.R. Section 36.302(e) and his

accessibility needs. Plaintiff also reviewed the ORS to compare the hotel to others

in the area and ascertain whether he can stay at the hotel during his trip.  This

included having reviewed the Defendant's ORS multiple times prior to filing the

above referenced lawsuit. Plaintiff also reviewed the ORS in early August 2021

for the purpose of ascertaining whether he would be able to stay in the hotel

during his trip later that month. However, Plaintiff was unable to do so because Defendant failed to comply with the requirements set forth in 28 C.F.R. Section 36.302(e) and because Defendant failed to provide the third party ORS providers with the information they require to comply with the Regulation. As a result, Plaintiff was deprived the same services, features, benefits, advantages, and accommodations of the Property available to the general public. Specifically, the following violations were found:

a.      The website for the hotel located at booking.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

b.      The website for the hotel located at expedia.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

c.      The website for the hotel located at oyorooms.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

d.      The website for the hotel located at agoda.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

e.      The website for the hotel located at vacation.hotwire.com did not identify or allow for reservation of accessible guest rooms and did not provide sufficient information regarding accessability at the hotel.

f.      The website for the hotel located at travelocity.com did not identify or

allow for reservation of accessible guest rooms and did not provide

sufficient information regarding accessability at the hotel.

g.      The website for the hotel located at cheaptickets.com did not identify or

allow for reservation of accessible guest rooms and did not provide

sufficient information regarding accessability at the hotel.

h.      The website for the hotel located at trip.com did not identify or allow for

reservation of accessible guest rooms and did not provide sufficient

information regarding accessability at the hotel.

13.      Plaintiff intends to revisit Defendant's  online reservations system in order to test

it for compliance with 28 C.F.R. Section 36.302(e). In this respect, Plaintiff

maintains a system to ensure that he revisits the online reservations system of

every hotel he sues. By this system, Plaintiff maintains a list of all hotels he has

sued with several columns following each. he continually updates this list by,

among other things, entering the dates he did visit and plans to again visit the

hotel's online reservations system.  With respect to each hotel, he visits the online

reservations system multiple times prior to the complaint being filed, then visits

again shortly after the complaint is filed. Once a judgment is obtained or

settlement agreement reached, he records the date by which the hotel's online

reservations system must be compliant and revisits when that date arrives. He will

also review the ORS shortly prior to making his upcoming trip.

14.     Plaintiff is continuously aware that the subject websites remain non-compliant and that it would be a futile gesture to revisit the websites as long as those violations exist unless he is willing to suffer additional discrimination.

15.     The violations present at Defendant's websites infringe Plaintiff's right to travel free of discrimination and deprive him of the information required to make meaningful choices for travel.  Plaintiff has suffered, and continues to suffer, frustration and humiliation as the result of the discriminatory conditions present at Defendant's website. By continuing to operate the websites with discriminatory conditions, Defendant contributes to Plaintiff's sense of isolation and segregation and deprives Plaintiff the full and equal enjoyment of the services, facilities, advantages, privileges and/or accommodations available to the general public.  By encountering the discriminatory conditions at Defendant's website, and knowing that it would be a futile gesture to return to the websites unless he is willing to endure additional discrimination, Plaintiff is deprived of the same advantages, privileges, services and benefits readily available to the general public.  By maintaining a websites with violations, Defendant deprives Plaintiff the equality of opportunity offered to the general public.  Defendant's online reservations system serves as a gateway to its hotel. Because this online reservations system discriminates against Plaintiff, it is thereby more difficult to book a room at the hotel or make an informed decision as to whether the facilities at the hotel are accessible.

16.     Plaintiff has suffered and will continue to suffer direct and indirect injury as a result of the Defendant's discrimination until the Defendant is compelled to modify its websites to comply with the requirements of the ADA and to continually monitor and ensure that the subject websites remain in compliance.

17.     Plaintiff has a realistic, credible, existing and continuing threat of discrimination from the Defendant's non-compliance with the ADA  with respect to these websites.  Plaintiff has reasonable grounds to believe that he will continue to be subjected to discrimination in violation of the ADA by the Defendant.

18.     The Defendant has discriminated against the Plaintiff by denying him access to, and full and equal enjoyment of, the services, privileges, advantages and/or accommodations of the subject website and hotel.

19.     The Plaintiff and all others similarly situated will continue to suffer such discrimination, injury and damage without the immediate relief provided by the ADA  as requested herein.

20.     Defendant has discriminated against the Plaintiff by denying him access to full and equal enjoyment of the services, facilities, privileges, advantages and/or accommodations of its place of public accommodation or commercial facility in violation of 42 U.S.C. § 12181 et seq. and 28 CFR 36.302(e).  Furthermore, the Defendant continues to discriminate against the Plaintiff, and all those similarly situated by failing to make reasonable modifications in policies, practices or procedures, when such modifications are necessary to afford all services,

facilities, privileges, advantages or accommodations to individuals with disabilities.

21.      Plaintiff is without adequate remedy at law and is suffering irreparable harm. Plaintiff has retained the undersigned counsel and is entitled to recover attorney's fees, costs and litigation expenses from the Defendant pursuant to 42 U.S.C. § 12205 and 28 CFR 36.505.

22.      Pursuant to 42 U.S.C. § 12188, this Court is provided with authority to grant Plaintiff Injunctive Relief, including an order to require the Defendant to alter the subject websites to make them readily accessible and useable to the Plaintiff and all other persons with disabilities as defined by the ADA and 28 C.F.R. Section 36.302(e); or by closing the websites until such time as the Defendant cures its violations of the ADA.

**WHEREFORE,** Plaintiff respectfully requests:

a.      The Court issue a Declaratory Judgment that determines that the Defendant at the commencement of the subject lawsuit is in violation of Title III of the Americans with Disabilities Act, 42 U.S.C. § 12181 et seq. and 28 C.F.R. Section 36.302(e).

b.      Injunctive relief against the Defendant including an order to revise its websites to comply with 28 C.F.R. Section 36.302(e) and to implement a policy to monitor and maintain the websites to ensure that it remains in compliance with said requirement.

c.      An award of attorney's fees, costs and litigation expenses pursuant to 42 U.S.C. § 12205.

d.      Such other relief as the Court deems just and proper, and/or is allowable under

Title III of the Americans with Disabilities Act.

Respectfully Submitted,

_/s/Tristan W. Gillespie_
Tristan W. Gillespie, Esq.

THOMAS B. BACON, P.A.
600 Blakenham Court
Johns Creek, GA 30022
Tel:  404.276.7277
gillespie.tristan@gmail.com